**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| PAUL LEWIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) 1:12-cv-1590-JMS-MJD |
| | ) |
| DAVID W. BARR, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Paul Lewis for a writ of habeas corpus must be **denied** and the action **dismissed for lack of jurisdiction**. In addition, the court finds that a certificate of appealability should not issue.

**I.**

**A.**

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

**B.**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City*

*of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The petition of Paul Lewis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test.

Lewis has filed a prior habeas action in this court, docketed as No. 2:08-cv-0069-LJM-TAB, challenging his 2006 conviction for battery and intimidation. That is the same conviction challenged in this case. The prior habeas action was denied in an Order issued on July 31, 2008. Lewis has now filed another petition for a writ of habeas corpus in which he asserts claims which were or which could have been presented in the first habeas action.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction.

Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Lewis has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/01/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Paul Lewis**
**873084**
**Pendleton Correctional Facility**
**4490 West Reformatory Road**
**Pendleton, IN 46064**